IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VICTOR A. CASTANEDA, | CV. 05-1771-KI |
| Plaintiff, | ORDER |
| v. | |
| JEAN HILL, et al, | |
| Defendants. | |

KING, Judge

### IN FORMA PAUPERIS/FILING FEE

Plaintiff, an inmate at the Eastern Oregon Correctional Institution (EOCI), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff moves to proceed *in forma pauperis* (#1). An examination of the application reveals that plaintiff is unable to afford the fees of this action. Accordingly, IT IS ORDERED that the provisional *in forma pauperis* status given the plaintiff is confirmed.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner proceeding *in forma pauperis* is required to pay the full filing fee of $250.00 when funds exist. The court shall not assess an initial partial

filing fee. 28 U.S.C. § 1915(b)(2). However, when funds exist, plaintiff shall be obligated to make monthly payments of 20 percent of the preceding month's income credited to plaintiff's trust account. These payments shall be collected and forwarded by the agency having custody of plaintiff to the Clerk of the Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee is paid in full. Id.

## ORDER TO DISMISS

### I. BACKGROUND.

On November 21, 2005, plaintiff filed a form § 1983 complaint. The complaint sets forth two claims for relief under the Eighth Amendment. In his first claim for relief, plaintiff alleges that on July 21, 2001, he was injured while trying to climb onto a top bunk bed. Plaintiff further alleges that "[s]ince this [accident] took place, [t]he Oregon Department of Corrections has made little or no attempt to reduce the risk to *other inmates* by placing ladders that will enable the inmates who live on the top bunks to climb safely on and off their bunks." (Emphasis added.) Plaintiff concludes that this "disregard toward the inmates' safety" states a claim under 42 U.S.C. § 1983.

In his second claim for relief, plaintiff alleges that his injuries were mis-diagnosed in 2001. Plaintiff alleges that he has "seen many different Doctors but has received little or no actual treatment." Plaintiff further alleges that the "Medical Staff" at

2 -- ORDER

EOCI has tried to get him "specialized tests" but has been unable to do so due to "Department of Corrections budget restraints".

Attached to plaintiff's complaint is a document entitled "Motion to Amend Complaint," wherein plaintiff incorporates his "previous filings" and alleges that he underwent corrective surgery in January, 2005, but that the delay in receiving treatment caused unnecessary deterioration in his condition.[1]

## II. **STANDARDS**.

This court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the court determines that the action fails to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000).

Dismissal for failure to state a claim is proper if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Ortez v. Washington County, 88 F.3d 804, 806 (9th Cir. 1996); Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993). Because plaintiff is proceeding *pro se*, I construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Ortez, 88 F.3d at 806;

---

[1] Additionally, on January 3, 2006, plaintiff's filed a document entitled "Concise Statement of Facts". Plaintiff is advised that he cannot supplement the allegations of his complaint or amended complaint in this manner. If plaintiff seeks to add to the allegations of his complaint, he must do so by amendment. See Fed. R. Civ. P. 15.

Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

**III. DISCUSSION.**

Plaintiff's first claim for relief is brought on behalf of other inmates who may suffer injury due to the absence of ladders in their cells. Plaintiff has no standing to bring an action on behalf of other inmates. Kowalski v. Tesmer, 543 U.S. 125, 129-32 (2004). If plaintiff seeks to recover damages for the fall he sustained in 2001, the claim is time barred. Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002). Accordingly, plaintiff has failed to state a claim. If plaintiff currently uses a top bunk, is denied a ladder which is necessary for his personal safety or due to medical limitations, and defendants are deliberately indifferent to this need, plaintiff must make these allegations.

Plaintiff's second claim for relief suffers from several deficiencies. First, plaintiff cannot state a claim against the Oregon Department of Corrections because it is immune from suit. Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir. 2004). Second, plaintiff fails to allege the personal participation of each of the seven individual defendants in the alleged constitutional violations. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Accordingly, plaintiff's second claim for relief fails to state a claim.

**CONCLUSION**

Plaintiff's provisional *in forma pauperis* status is CONFIRMED. However, plaintiff's complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for injunctive relief (#4) is DENIED, without prejudice to refile upon satisfactory compliance with this order. Plaintiff's motion for rehearing (#5) (which I construe as a motion to reopen Castanada v. ODOC, 03-958-AA) is DENIED without prejudice to plaintiff's right to refile the motion in that case.

Plaintiff's request for the appointment of counsel is DENIED on the basis that this is not an exceptional case warranting the appointment of counsel.

Plaintiff shall be required to pay the $250.00 filing fee when funds exist. IT IS ORDERED that the Oregon Department of Corrections shall collect payments from plaintiff's prison trust account and shall forward those payments to the Clerk of the Court in accordance with the formula set forth above until a total of $250.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action.

Plaintiff is advised that discovery requests are not filed with the court. Local Rule 34.1(a). The Clerk of the Court is DIRECTED to return to plaintiff his motion for discovery.

The Clerk of the Court also is DIRECTED to send a copy of this order to the Oregon Department of Corrections, Central Trust Unit, 2575 Center Street, Salem, Oregon 97310.

IT IS SO ORDERED.

DATED this ___2nd___ day of February, 2006.

                                              __/s/ Garr M. King_____
                                              Garr M. King
                                              United States District Judge